UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BAKER HUGHES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-255 |
| | § | |
| NORETTA K MANSUR, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND DENYING WITHOUT PREJUDICE MOTION TO DEPOSE HEALTH CARE PROVIDERS

### Background

Plaintiff Baker Hughes, Inc., is a fiduciary of the Baker Hughes, Inc. Health and Welfare Plan, a self-funded ERISA governed by 29 U.S.C. § 1001 (D.E. 1). Plaintiff sued defendants Noretta Mansur (Mansur) and the The Law Office of Thomas J. Henry (Thomas Henry) for equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(e)(1) (*Id.*). According to plaintiff, defendant Mansur hired defendant Thomas Henry to represent her in connection with a lawsuit she filed seeking damages for injuries she received at the hands of a third party. Plaintiff paid for medical treatment received by defendant Mansur for her injuries (*Id.*). The lawsuit was settled without communication with, or approval from plaintiff (*Id.*). Plaintiff believes that some if not all of the settlement proceeds are currently held in Thomas Henry's trust account (*Id.*).

Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (D.E. 16), to which plaintiff timely responded (D.E. 18). Defendants also move for permission to depose plaintiff's health care providers (D.E. 15). Plaintiff filed its response May 22, 2010 (D.E. 17)[1].

## Applicable Law

### A.   Subject Matter Jurisdiction

Plaintiff seeks equitable relief pursuant to 29 U.S.C. § 1132(a)(3). The court has federal question jurisdiction. 28 U.S.C. § 1331; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 39, 107 S.Ct. 1542 (1987).

### B.   FED. R. CIV. P. 12(b)(6) v. FED. R. CIV. P. 12(c)

Defendants Mansur and Thomas Henry have filed their answer (D.E. 6). Their motions are properly treated not as motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6), but as motions for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), based upon failure to state a claim upon which relief can be granted. *Jones v. Grenninger*, 188 F.3d 322, 324 (5th Cir. 1999). The applicable law is the same. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows parties to seek dismissal of a case against them if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, a court should accept the allegations in the complaint as true, view them in the light most

---

[1] Plaintiff's response (D.E. 17) was erroneously docketed as a pending motion. The Clerk shall terminate the pleading insofar as it purports to be a motion.

favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999). However, the allegations in the complaint and the claim for relief presented must be at least plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

Plaintiff's pleading seeks equitable relief, requesting imposition of a constructive trust (D.E. 1 at 6). Title 29, United States Code, Section 1132 (a)(3)(B) permits the plan to bring a civil action to obtain equitable relief to enforce the terms of the plan. Based upon the pleadings, the claim for relief is plausible. *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 126 S.Ct. 1869 (2006). Defendants' motion to dismiss, treated as a motion for judgment on the pleadings, is denied.

### B.     Motion for Depositions

Defendants also move to depose plaintiff's health care providers (D.E. 15). Plaintiff is opposed (D.E. 17). The motion is denied without prejudice. Plaintiff has cited no authority which supports a blanket denial of the right to depose physicians where, in the underlying lawsuit, there was a genuine issue about whether the injuries sustained in an automobile accident were pre-existing or caused by the accident. After exchanging initial disclosures, obtaining plaintiff's medical records, and obtaining the records in the underlying lawsuit, if the parties cannot agree on whether individual health care providers should be deposed, the parties may re-litigate this issue by filing the appropriate motion, supported by documentation and authority.

## **CONCLUSION**

Based on the foregoing, defendants' motion to dismiss (D.E. 16) is denied, and defendants' motion for depositions (D.E. 15) is denied without prejudice.

ORDERED this 4th day of August, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE